## NO. 25-724

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

KEVIN DUDEN, individually,

Plaintiff-Appellant,

v.

THE STATE OF WASHINGTON and WASHINGTON STATE
DEPARTMENT OF CORRECTIONS and JOHN AND JANE DOES 1-10,

Defendants-Appellees.

---

On Appeal From The United States District Court
For The Eastern District of Washington
Cause No:4:23-CV-05047-SAB

Honorable Stanley A. Bastian, Chief District Judge

**APPELLANT'S INTITIAL BRIEF**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 Seneca Avenue
Renton, Washington 98057
Telephone: (206)617-7031
Facsimile: (206)772-3059
Email: haroldfranklin1@comcast.net
Attorneys for Plaintiff-Appellant.

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .............................. 3

I.   INTRODUCTION  ...............................5

II.  JURISDICTION STATEMENT ...................… 5

III. ISSUE FOR REVIEW...............................6

IV. STATEMENT OF CASE ..............................6

VI. ARGUMENT .................................. 7

VII.CONCLUSION ...................................23

STATEMENT OF RELATED CASES .........................24

CERTIFICATE OF COMPLIANCE ...........................25

CERTIFICATE OF SERVICE ............................27

TABLE OF AUTHORITIES

Page

## Cases

Ahmann v. Wash. State DOT, 2023 U.S. Dist. LEXIS 131154, …..……………..11

Anderson v. Gen. Dynamics Convair Aerospace Div, 589 F.2d 397,(9th Cir. 1978)……………………………………………………………………..15

Anderson v. Liberty  Lobby, Inc., 477 U.S.242,106 S.Ct .2505, 91 L.Ed.2d 202, (1986)  ..........................................................................................8

Ansonia Bd. of Ed. v. Philbrook, 479 US 60, 68, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986)…………………………………………………………………16

Balint v. Carson City, 180 F.3d 1047 (9th Cir. 1999)………………………….14

Bolden-Hardge v. Off. of California State Controller, 63 F.4th 1215, 1223 (9th Cir. 2023)…………………………………………………………………..11

Burns v. S. Pac. Transp. Co., 589 F.2d 403 (9th Cir. 1978)………………..15

Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 725, 134 S. Ct. 2751, 189 L. Ed. 2d 675 (2014);  …………………………………………………..11

Chuang v. University of Cal. Davis, 225 F.3d 1115 (9th Cir. 2000)………………11

Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, (9th Cir. 2001)………….7

Celotex Corp.  v.   Catrett, 477 U.S.317, 106 S.Ct.2548,  91  L.Ed.2d 265 (1986)……8

Doe 1 v. North Shore Univ. HealthSystem, No. 21-cv-05683, 2021 WL 5578790 (N.D. Ill. Nov. 30, 2021) …………………………………………………20

Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992)……………………………………………8

E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 771, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015)  S.Ct. 2018, 56 L.Ed.2d 611 (1978)………..………………11

EEOC v. Hacienda Hotel, 881 F.2d 1504, (9th Cir. 1989)…………………………17

Goodman v. Boeing Co., 127 Wn. 2d 401, 899 P.2d 1265  (1995)……………….17,18

Groff v. DeJoy, 600 U.S. 447, 143 S.Ct. 2279, 216 L.Ed 2d 1041 (2023)………………………………………………………12,13,14,1522,23

Holland v. Boeing Co, 90 Wn.2d 384,583 P.2d 621(1978)…………………..……..17

Hous. Rights Ctr. v. Sterling, 404 F. Supp. 1179, (C.D. Cal. 2004)…………………9

Kumar v. Gate Gourmet Inc., 180 Wash. 2d 481, 325 P.3d 193 (2014)…………11,16

MacDonald v. Or. Health & Sci., 2023 U.S. Dist. LEXIS 151070, …………………14

Mois v. Wynn Las Vegas LLC, 715 F. App'x 600, 601 (9th Cir. 2017)……………16

Orr v. Bank of America, Nt & Sa, 285 F.3d 764 (9th Cir. 2002)…………………7

Peterson v. Hewlett-Packard Co., 358 F.3d 599, (9th Cir. 2004)…..………………12

Tiano v. Dillard Dep't Stores, 139 F.3d 679…………………………………...…14

TWA v. Hardison, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977)…………… 17

Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024)………………………………………9, 12, 13

Villiarmimo v. Aloha Island Air, Inc. 281 F.3d 1054, 1061 (9th Cir. 2002)………..9

STATUTES

28 U.S.C. Sec.1331 ..............................  5

28 U.S.C. Sec.1367(a)  ...........................6

28 U. S. C. Sec. 1291   ………………………………………… 6

42 U.S.C. § 2000e-2(a)…………………………………………………10

42 U.S.C. § 2000e-(j)…………………………………………………...11

COURT RULES

Fed. R. App. P.4( a)(1)(A) ........................ 5

Fed.R.Civ.P.56( c)   ..............................8

## INTRODUCTION

The Plaintiff-Appellant, Kevin Duden, was terminated from his position as a Corrections Specialist 3. He requested a religious exemption and an accommodation to the COVID-19 vaccines. His religious exemption request was approved but the State of Washington (State) determined that no accommodation was possible and terminated him.

Mr. Duden filed this action in Superior Court in Walla Walla County and it was removed to United States District Court Eastern District of Washington. ER-3  On January 2, 2025, The Honorable Stanley A. Bastian, Chief Judge of the District Court, granted the State's motion for summary judgment. ER-67. This appeal was filed on January 31, 2025. Fed. R. App. P. 4(a)(1)(A). ER-75.

## JURISDICTIONAL STATEMENT

This case presents claims arising under federal and state employment accommodation statutes. As more fully detailed below in the Statement of the Case, Mr. Duden first filed suit in state court, and the State removed it to federal court without objection. ER-3. The U.S. District Court for the Eastern District of Washington had original, federal question jurisdiction pursuant to 28 U.S.C. § 1331. The District Court

had supplemental jurisdiction over Mr. Duden's related state claim pursuant to 28 U.S.C. § 1367(a).

The District Court granted the Defendants' Motion for Judgement on January 2, 2025, disposing of all issues in the case. ER-67. Mr. Duden timely filed his Notice of Appeal on January 31, 2025. ER-75. This Court therefore has jurisdiction to hear this appeal, pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

Whether summary judgment should be denied when there are genuine issues of material fact as to whether the the State engaged in an interactive accommodation process, and whether a cost and or risk analysis was made to determine if there was a substantial cost to the State to accommodate Mr. Duden?

## STATEMENT OF THE CASE

Kevin Duden (Plaintiff), was employed by the Washington State Department of Corrections-Washington State Penitentiary in Walla Walla, WA, from February 2018, to October 2021. The last position held by Mr. Duden before he was terminated was as a Corrections Specialist 3. ER-55.

On September 3, 2021, the Mr. Duden requested a religious exemption from the vaccine due to his sincerely held religious beliefs. See ER-25. Following this, the Plaintiff received a religious exemption from the State on September 21, 2021. See ER-33. In the same letter

dated September 21, 2021, Mr. Duden also received notice that his religious accommodation was limited to reassignment. The State stated that, "we have determined the only reasonable accommodation we can offer is the possibility of a reassignment." ER-34. However, Mr. Duden stated in his deposition, "And based on the research I did there was no position that they could reassign me to because everybody had to be vaccinated...So I kind of felt that was kind of a disingenuous, you know, position, you know, saying we can reassign you, but then they can't. You know, there's just no way." ER-40. Mr. Duden was not reassigned to a different position that allowed him to remain employed with the State. In an email dated 10/13/2021, Mr. Duden also requested paid leave as an accommodation but that was also denied. ER-43.

## ARGUMENT

### A. STANDARD OF REVIEW

The standard of review for a summary judgment is de novo. See Orr v. Bank of America, Nt & Sa, 285 F.3d 764 (9th Cir. 2002) quoting Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1257 (9th Cir.2001). The Court must determine, viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of

7

law. <u>Eastman Kodak Co. v. Image Technical Servs., Inc.</u>, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

1. <u>Standards for Summary Judgment</u>

The pleadings, the discovery and disclosure materials on file, and declarations show that there are genuine issues as to material facts regarding Mr. Duden's accommodation hardship and the movant is <u>not</u> entitled to judgment as a matter of law on that issue. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of establishing the basis for its motion. <u>Celotex Corp v. Catrett,</u> 477 U.S. 317, 323 106 S.Ct. 2548, 91 L.ed 2d 265 (1986).

Mr. Duden can show by citation of the depositions, declarations, and exhibits, as well as the filings on record, that he does have sincerely held religious beliefs against taking the COVID-19 vaccines. The State accepted, as sincere, those beliefs when they granted his request for a religious exemption from their vaccine mandate. ER-34. Summary judgment is only appropriate where the record, taken in the light most favorable to the opposing party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences

are to be drawn in his favor." Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024) (quoting Anderson, 477 U.S. at 255). Regarding the reasonable accommodation request, there are issues of material fact present in this case. The State could have accommodated Mr. Duden in the same manner they previously accommodated him while he worked throughout the pandemic safely prior to the vaccines being made available. The State's conclusory assertions which contradict 10 months of safe operations, do not prove masking, testing, and social distancing along with other protocols were a safety risk rising to undue hardship. See Villiarmimo v. Aloha Island Air, Inc. 281 F.3d 1054, 1061 (9th Cir. 2002), Hous. Rights Ctr. v. Sterling, 404 F. Supp. 1179, 1183 (C.D. Cal. 2004). Also, in EEOC Guidance K.2, which was updated on May 15, 2023, it states as follows:

> What are some examples of reasonable accommodations or modifications that employers may have to provide to employees who do not get vaccinated due to disability; religious beliefs, practices, or observance; or pregnancy? An employee who does not get vaccinated due to a disability (covered by the ADA) or a sincerely held religious belief, practice, or observance (covered by Title VII) may be entitled to a reasonable accommodation that does not pose an undue hardship on the operation of the employer's business. For example, as a reasonable accommodation, an unvaccinated employee entering the workplace might wear a face mask, work at a social distance from coworkers or non-employees, work a modified shift, get periodic tests for COVID-19 (provided testing is consistent with the ADA

> "business necessity" standard for medical examinations;
> see A.6.), be given the opportunity to telework, or finally,
> accept a reassignment.

What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at § K.2.

In employment discrimination cases, the plaintiff "need produce very little evidence to overcome an employer's motion for summary judgment . . . because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a fact finder, upon a full record. Chuang v. University of Cal. Davis, 225 F.3d 1115 (9th Cir. 2000). The parties' differing views on the issue of whether the State engaged in an interactive accommodation process and whether the accommodations requested where unduly burdensome are better decided by a jury and therefore the State's motion should be denied.

B. Mr. Duden Has Established His Prima Facie Case under Title VII.

To establish a prima facie case, Mr. Duden has to show that he notified the State of his beliefs and was exempted from the vaccination policy. Peterson v. Hewlett Packard-Co., 358 P.3d 193, 606 (9th Cir. 2004). Title VII prohibits employers from discharging or otherwise discriminating against an employee due to the employee's religion. 42

U.S.C. § 2000e-2(a). "Religion" is defined as "all aspects of religious observance and practice, [*6] as well as belief[.]" 42 U.S.C. § 2000e-(j). E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768, 771, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015), Ahmann v. Wash. State DOT, 2023 U.S. Dist. LEXIS 131154, *5-6. The requirements to state a [religious discrimination] claim under the WLAD is substantially similar to those under Title VII. See Kumar v. Gate Gourmet Inc., 180 Wash. 2d 481, 325 P.3d 193 (2014).

 1. Sincerity of Belief Systems

Mr. Duden expressed an individual conviction as to his religious beliefs regarding the COVID-19 vaccinations. Both the Supreme Court and Ninth Circuit have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682, 725, 134 S. Ct. 2751, 189 L. Ed. 2d 675 (2014); Bolden-Hardge v. Off. of California State Controller, 63 F.4th 1215, 1223 (9th Cir. 2023). While a court need not accept a plaintiff's conclusory assertions, "the burden to allege a conflict with religious belief(s) is fairly minimal." Id. at 1223, see also Ahmann, 2023 U.S. Dist. LEXIS 131154, *6. Mr. Duden's beliefs were confirmed in writing as set forth above. See ER-25. Based on this religious exemption request, the State granted his request for a religious exemption

and therefore the sincerity of Mr. Duden's beliefs are not at issue in this case.  ER-33, ER-51.

C.  The State Cannot Clearly Rebut Mr. Duden's Prima Facie Case: Issues of Material Fact Remain as Related to Undue Burden and Hardship.

Issues of material fact remain with regard to whether or not masking, testing, PPE, and social distancing w[ere] a reasonable accommodation.  Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir. 2004).  As well as whether Mr. Duden could have performed his job duties remotely or by telework.  ER-55.  The employer may rebut the prima facie case by showing that it could not accommodate the employee without an undue hardship.  Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024) (quoting Peterson).

In Varkonyi, the undue hardship argument failed because the Defendant, in its motion for summary judgment, did not provide proof of what it would cost to accommodate the Plaintiff.  Defendants, in that case, had even gone so far as to outline costs incurred over the pandemic including tests, over time, quarantine costs, and the like, but the court was unmoved stating the Defendant had failed to provide the court with costs directly attributable to the Plaintiff.  Id.  Groff v. DeJoy, 600 U.S. 447, 143 S.Ct. 2279, 216 L.Ed 2d 1041 (2023), requires [this] Court to

evaluate the hardship imposed by a religious accommodation in light of the employer's nature, size, and operating costs. 600 U.S. at 470-71. Given the gaps in the evidentiary record—especially concerning the cost of accommodating the request—The State has not shown that a reasonable jury must necessarily find that accommodating Mr. Duden would impose an undue hardship. Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024). The State failed to meet the requirements under Groff. They have provided no cost data to support their position that it would be an undue burden to accommodate Mr. Duden. ER-54.

D. Mr. Duden Could have Performed the Essential Functions of his Job Remotely

While the State claims they eliminated the possibility of telework for Mr. Duden, they did not state why they eliminated this possible accommodation. ER-52.

These are issues of material fact, and the State provided no information relating to the costs of the operation of its organization related to Mr. Duden's accommodation request as required under Groff, supra. Therefore, summary judgment would not be appropriate in this case.

E. The State Failed to Initiate a Good Faith Effort To Accommodate the Plaintiff.

If the employee succeeds in establishing a prima facie case, the burden shifts to the employer to prove that it either "initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." Tiano v. Dillard Dep't Stores, 139 F.3d 679 at 681, MacDonald v. Or. Health & Sci., 2023 U.S. Dist. LEXIS 151070, *8-9. Nothing in the record supports the position that the State made a good faith effort(s) to accommodate Mr. Duden.

Undue hardship was clarified in Groff to mean a substantial increase in cost. Groff. 600 U.S. at 470. The State failed to present facts which show that the safety measures used prior to the implementation of the vaccine policy imposed an "undue hardship on the conduct of the employer's business." Id. at 453-54 (quoting 42 U.S.C. § 2000e-(j)). The State presents no facts that the safety measures in place before the vaccine mandate were implemented, were an undue hardship in the form of a substantial increase in their costs to accommodate Mr. Duden.

Determination of whether a particular accommodation would have posed an undue hardship is a factual inquiry that "must be determined within the particular factual context of each case." Balint v. Carson City,

1

180 F.3d 1047 (9th Cir. 1999); accord. Groff, supra (describing the "undue-hardship standard" as a "context-specific standard.").. "Undue hardship means something greater than hardship. Undue hardship cannot be proved by assumptions nor by opinions based on hypothetical facts." Anderson v. Gen. Dynamics Convair Aerospace Div., 589 F.2d 397, 402 (9th Cir. 1978). See also, Burns v. S. Pac. Transp. Co., 589 F.2d 403 (9th Cir. 1978). The 9th Circuit's 45-year wariness of embracing the de minimis approach was fully vindicated in Groff supra.

The State has, essentially, accommodated Mr. Duden for the previous 10 months and has presented no facts showing Mr. Duden was an undue burden or hardship to the business operations of the State during the prior 10 months. The State fails to show how these tasks could not be performed while practicing social distancing and/or wearing PPE and how Mr. Duden performed these tasks while social distancing and wearing PPE as he did for 10 months, would have been an undue burden on their business operations. In addition, Mr. Duden stated in his deposition that people in the same position as his, were allowed to perform their duties virtually or had those duties were suspended. ER-37. The safety concerns and risks associated with COVID-19 are not a justification for discrimination.

While any reasonable accommodation is sufficient to satisfy Title VII, an available option that would allow the employee to keep working may affect the reasonableness of one that would not allow the employee to keep working. Ansonia Bd. of Ed. v. Philbrook, 479 US 60, 68, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986), See also Mois v. Wynn Las Vegas LLC, 715 F. App'x 600, 601 (9th Cir. 2017) (unpublished). While the precise accommodation requested need not be the one chosen, the employer must show why the proposed accommodation poses an undue hardship. See Kumar, 325 P.3d, 203, Ansonia, 479 U.S., 68. The State failed to establish that social distancing, masking and other protocols in place during the 10 months of the pandemic were not reasonable accommodations as was later confirmed by the EEOC. See EEOC Guidance K.2.

1. The State Did not Engage in an Interactive Accommodation process with The Plaintiff.

The State made a determination that the only accommodation that was available to Mr. Duden was reassignment after they ruled out telework. ER-52. The State did not discuss the possibility of telework with Mr. Duden but unilaterally decided it was not available to Mr. Duden; and thus they did not engage in a truly interactive accommodation process. Interactive process is intended as a good faith interaction

1

between the parties – a back and forth of questions and information sharing relating to the limitations and capabilities of the requestor, the needs and constraints of the employer, and the range of possibilities to make it all work.

See https://www.doi.gov/sites/default/files/employee-resource-effective-interactive-process.pdf.

There was no back and forth discussion between the State and Mr. Duden regarding telework. Instead, the State dictated to Mr. Duden what accommodations where an option for him, which turned out not to be an option at all. ER-40.

Under Title VII, the Ninth Circuit has found that "at a minimum, the employer was required to negotiate with the employee in an effort reasonably to accommodate the employee's religious beliefs" (EEOC v. Hacienda Hotel, 881 F.2d 1504, 1513 (9th Cir. 1989), following TWA v. Hardison, 432 U.S. 63, 75 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977), Similarly, under the WLAD notice that an employee cannot perform some crucial duties of their position for a protected reason "triggers the employer's burden to take "positive steps" to accommodate the employee's limitations." Holland v. Boeing Co, 90 Wn.2d 384, 388-89 583 P.2d 621 (1978); and "Reasonable accommodation thus envisions an exchange between employer and employee where each seeks and shares

information to achieve the best match between the employee's capabilities and <u>available positions</u>." <u>Goodman v. Boeing Co.</u>, 127 Wn. 2d 401, 408-409, 899 P.2d 1265 (1995) (emphasis added). The State offered Mr. Duden a reassignment position that was neither an open position or a position that Mr. Duden could receive because he was not vaccinated and because he was not eligible for the position because of seniority. Thus, the State did not attempt to match Mr. Duden capabilities with an available open position as set for in <u>Goodman v. Boeing, supra</u>.

  2.  <u>Many of Mr. Duden's job functions could be done remotely</u>

Mr. Duden states many of his job functions could be done remotely, virtually, via phone or email. For instance, he states:

> According to the PD (position description, 40% of my 40-hour week (16 hours) was to be spent providing "oversight for all Cognitive Behavioral Interventions (CBI's) within the inventory of the Cognitive Behavioral Interventions (CBI) unit within the facility." I oversaw a program at Washington State Penitentiary (WSP) called *Department of Corrections Aggression Replacement Training (DOCART)*. The tasks listed under this duty were often performed on a computer and alone in my private office which had a closeable door. In those cases where other co-workers needed to be involved I could have performed these tasks remotely or virtually using Microsoft Teams meetings, emails, and telephone calls. My office was already set-up for this and I already had all the equipment I needed to do this. There would have been no additional cost to DOC.

He also states:

1

> While this 9 hours of delivering the class to offenders was in-person in a classroom setting, there is nothing in the PD that required the classes  be delivered that way.  Some CS3s were hearings officers who were         required to meet face-to-face with offenders.  My understanding was       when  the pandemic started, arrangements were made for them to hold their hearings remotely or virtually, so it is obvious the technology and equipment was available to DOC and it could have been adapted to my  situation.
> Also *Connections Inc*., a behavioral health company in Indiana, began         offering *Aggression Replacement Training (ART)* programs in a virtual  group  setting  in  early 2021. Another company, *Education & Treatment Alternatives,* also offered virtual *ART* programs due to the pandemic.   So, it appears to have been acceptable practice in delivering these programs.

ER-55.   Thus, since Mr. Duden was already doing most of his tasks virtually, remotely and other tasks could also have been done virtually or remotely, there is a material factual dispute that requires the State's motion for summary judgment to be denied because this means that Mr. Duden could have possibly been accommodated.

     F.  <u>Accommodation as a Matter of Law Does not apply in this Case.</u>

     Some employers argue that they could not accommodate their employees as a matter of law because they would, as an unvaccinated employee, risk the health and safety of other employees or individuals on the work site.  These particular undue hardships generally relate to the necessity for an unvaccinated employee to be physically present at work, such as in the health care and transportation industries.  These

1

cases almost exclusively cases involving medical personnel from within and outside of the Ninth Circuit relating to this premise. However, the Courts have not consistently ruled this way in all cases. For instance, in Doe 1 v. NorthShore Univ. HealthSystem, No. 21-cv-05683, 2021 WL 5578790, at *5 (N.D. Ill. Nov. 30, 2021) has found that this argument does not necessarily show undue hardship for a medical facility, depending on what other safety measures the defendant has or does not have. Furthermore, OSHA has provided guidelines to employers in order to address how unvaccinated employees should be accommodated. See https://www.osha.gov/coronavirus/safework. (Issued July 2021). In that OSHA guideline, it is specifically mentioned that:

> However, CDC recognizes that even some fully vaccinated people who are largely protected against severe illness and death may still be capable of transmitting the virus to others. Therefore, this guidance mirrors CDC's in recommending masking and testing even for fully vaccinated people in certain circumstances.

See OSHA Guideline at 4.

Therefore, regardless of the vaccination status of the employee, the recommendation of OSHA was to continue to wear PPE and continue testing. It is disputed whether Mr. Duden had to be on site. ER-55. Therefore, if he could do his job virtually, then the State can not claim undue hardship as a matter of law as set forth above in Doe 1 v. NorthShore because he could perform his job without being on site.

2

Further, as set forth in <u>Doe 1 v. NorthShore,</u> if other means are available there is no hardship as a matter of law at all. There are and were clearly other means available, one was reassignment and one was telework. ER-52. Thus, these accommodations, as well as the masking and testing and the other precautions set forth in the EEOC and the OHSA guidelines, and implemtented during the pandemic for 10 months before Mr. Duden was terminated, show that the State can not claim an undue hardship as a matter of law and therefore there are clearly factual disputes in this case that should prevent summary judgment.

G. <u>Mr. Duden did Participate in the Interactive Process with the State.</u>

In it's decision, the District Court stated that Mr. Duden failed to engage in the interactive process. ER-73. However, the record shows otherwise. On October 13, 2021, Mr. Duden sent an email to Mr. Dowler asking for them to reconsider his accommodation request. ER-43. On October 19, 2021, Mr. Duden sent another email to ask for a 45 day extension. ER-43, ER-48. Therefore, Mr. Duden did participate in the accommodation process with the State.

H. <u>The State did not calculate the Risk of Having Fully Vaccinated Employees transmit the COVID-19 virus to other employees, inmates and others.</u>

2

The State denied Mr. Duden's request for a reasonable accommodation because:

> Allowing Plaintiff to perform the essential functions of his position unvaccinated posed a threat to the health or safety of himself and others in the workplace. The Center for Disease Control and the Washington State Department of Health (DOH)had determined that COVID-19 is highly contagious and potentially fatal, especially to those who are unvaccinated.

ER-52. However, it is undisputed that there is data to support that even after people were fully vaccinated, they both were diagnosed with COVID-19 and transmitted it to others. See C.H. Hanson et al., *Vaccine effectiveness against SARS-CoV-2 infection with the Omicron or Deltavariants following a two-dose or booster BNT162b2 or mRNA-1273 vaccination series: A Danish cohort study* (Dec. 23, 2021), https://www.medrxiv.org/content/10.1101/2021.12.20.21267966v3.full-text (preprint) (figure and table showing higher rates of infection for vaccinated versus unvaccinated). Yet the State did nothing to address the threat to the health or safety of the vaccinated employees and others in the workplace against the danger of vaccinated people transmitting the virus to others. Groff requires that an employer must demonstrate that accommodating an employee's religious practice would result in "substantial increased costs in relation to the conduct of its particular business" to claim undue hardship. See Groff at 470-471. Not only did

2

the State not do a cost analysis for Mr. Duden's accommodation request, they did not do any sort of analysis to determine how vaccinated employees with "breakthrough" virus diagnoses, posed a threat to the health or safety of others in the workplace as they determined for unvaccinated employee. Without the State doing these cost and risk analyses, they can not determine whether it would have been an undue hardship to provide Mr. Duden with an accommodation and therefore many factual issues remain in this case and summary judgment must be denied.

CONCLUSION

Mr. Duden applied for a religious exemption and a reasonable accommodation. The State granted his request for a religious exemption but they did not provide him with a reasonable accommodation. The State is obligated to accommodate him unless doing so poses an undue burden or hardship on their organization's operations. The State has not shown that masking, testing, and social distancing were an undue burden on its operations as required under Groff and also they have not shown how allowing Mr. Duden to facilitate his classes and his staff meetings virtually was an undue burden or hardship on their organization's operations. Nor have they shown how fully vaccinated employees with "breakthough" virus diagnoses was less of an undue

2

hardship then unvaccinated employees being allowed to continue to work. Therefore, since the State has not shown an undue burden on their operations, their motion for summary judgment must be denied.

Respectfully Submitted this 30th day of October 2025.

/s/Harold H. Franklin, Jr.
WSBA #20486
Attorneys for the Plaintiff
haroldfranklin1@comcast.net

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

9th Cir.Case Number(s)24-3325

The undersigned attorney or self-represented party states the following:

[XX]I am unaware of any related cases currently pending in this court.

[]I am unaware of any related cases currently pending in this court other than the

case(s)identified in the initial brief(s)filed by the other party or parties.

[]I am aware of one or more related cases currently pending in this court.The case

number and name of each related case and its relationship to this case are:

Signature  /s/Harold H. Franklin, Jr., Date  October 30, 2025.

2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Form 8.Certificate of Compliance for Briefs

9th Cir.Case Number(s)23-3325

I am the attorney or self-represented party.

**This brief contains 5243 words,** including 0 words manually counted in any

visual images,and excluding the items exempted by FRAP 32(f).The

brief s type

size and typeface comply with FRAP 32(a)(5)and (6).

I certify that this brief (select only one):

[XX]complies with the word limit of Cir.R.32-1.

[]is a **cross-appeal** brief and complies with the word limit of Cir.R.28.1-1.

[]is an **amicus** brief and complies with the word limit of FRAP

29(a)(5),Cir.R.

29-2(c)(2),or Cir.R.29-2(c)(3).

[]is for a **death penalty** case and complies with the word limit of Cir.R.32-4.

[]complies with the longer length limit permitted by Cir.R.32-2(b)because (select

onlyone):

[]it is a joint brief submitted by separately represented parties.

[]a party or parties are filing a single brief in response to multiple briefs.

[]a party or parties are filing a single brief in response to a longer joint brief.

[]complies with the length limit designated by court order dated _____

[]is accompanied by a motion to file a longer brief pursuant to Cir.R.32-2(a).

Signature  /s/Harold  H. Franklin, Jr., Date  June 30, 2025

CERTIFICATE OF SERVICE

I, Harold H. Franklin, Jr., a member of the Bar of this Court, hereby certify that, on June 30, 2025, I caused to be electronically filed the foregoing "Appellant's Initial Brief" with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate NextGen CM/ECF system. I certify that all participants in the case are registered NextGen CM/ECF users and that service will be accomplished by the appellate NextGen CM/ECF system.

*/s/ Harold H. Franklin, Jr.*
Harold H. Franklin, Jr.

27