## NO. 25-724

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

KEVIN DUDEN, individually,

Plaintiff-Appellant,

v.

THE STATE OF WASHINGTON and WASHINGTON STATE
DEPARTMENT OF CORRECTIONS and JOHN AND JANE DOES 1-10,

Defendants-Appellees.

_____

On Appeal From The United States District Court

For The Eastern District of Washington

Cause No:4:23-CV-05047-SAB

Honorable Stanley A. Bastian, Chief District Judge

**APPELLANT'S REPLY BRIEF**

HAROLD H. FRANKLIN, JR. WSBA #20486
459 Seneca Avenue
Renton, Washington 98057
Telephone: (206)617-7031
Facsimile: (206)772-3059
Email: haroldfranklin1@comcast.net
Attorneys for Plaintiff-Appellant.

1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................3

I.  ARGUMENT..........................................................................4

II.  CONCLUSION.......................................................................10

STATEMENT OF RELATED CASES............................................ 11

CERTIFICATE OF COMPLIANCE............................................. 13

CERTIFICATE OF SERVICE....................................................15

## TABLE OF AUTHORITIES

Page

**Cases**

*American Postal Workers Union v. Postmaster General*, 781 F.2d 772, 776 (9th Cir. 1986), ……………………………………………………5

Ansonia Bd. of Ed. v. Philbrook, 479 US 60, 68, 107 S. Ct. 367, 93 L. Ed. 2d 305 (1986)…………………………………………………4, 5

Groff v. DeJoy, 600 U.S. 447, 143 S.Ct. 2279, 216 L.Ed 2d 1041 (2023)……………………………….................……………..4,5,9,10

Intelligent Peripheral Devices, Inc. v. SmartPad, Inc., No. C95-4479-FMS, 1998 WL 754606, at *2 (N.D. Cal. Oct. 26, 1998)……………………5

Kelly v. Cnty. of Orange, 101 F. App'x 206, 207 (9th Cir. 2004)……..5

Kumar v. Gate Gourmet Inc., 180 Wash. 2d 481, 325 P.3d 193 (2014)………………………………………………………..4

Mois v. Wynn Las Vegas LLC, 715 F. App'x 600, 601 (9th Cir. 2017) (unpublished)………………………………………………………..4

Strandquist v. Wash. State Dep't of Soc., No. 3:23-cv-05071-TMC, 2024 U.S. Dist. LEXIS 198383, at *32 (W.D. Wash. Oct. 31, 2024) ………5

Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024)…………….10

Zimmerman v. PeaceHealth, 701 F. Supp. 3d…………………………4

ARGUMENT

I. <u>Accommodating Mr. Duden would not have Caused the State an Undue Hardship</u>

While any reasonable accommodation is sufficient to satisfy Title VII, an available option that would allow the employee to keep working may affect the reasonableness of one that would not. <u>Ansonia Bd. of Educ. v. Philbrook,</u> 479 U.S. 60, 68, 107 S. Ct. 367, 372 (1986), 479 U.S. at 68, <u>Zimmerman v. PeaceHealth, 701 F. Supp. 3d at 1110 (</u>citations omitted) *See* <u>Mois v. Wynn Las Vegas LLC</u>, 715 F. App'x 600, 601 (9th Cir. 2017) (unpublished).

Whether an accommodation imposes an undue hardship depends on "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." <u>Groff v. DeJoy</u>, 600 U.S. 447, 143 S. Ct. 2279, 216 L. Ed. 2d 1041 (2023), at 470-71. Employers cannot consider non-economic costs to coworkers that are based on employee animosity towards a religion. *Id.*

While the precise accommodation requested need not be the one chosen the employer must show why the proposed accommodation poses an undue hardship. Accord <u>Kumar v. Gate Gourmet Inc.,</u> 180 Wash. 2d 481, 325 P.3d 193 (2014), <u>Ansonia</u> 479 U.S., 68 (citing <u>American Postal Workers Union v. Postmaster General,</u> 781 F.2d 772, 776 (9th Cir. 1986)).

4

A reasonable accommodation is one that "eliminate[s] the employee's religious conflict" in a way that "will reasonably preserve that employee's employment status, *i.e.*, compensation, terms, conditions, or privileges of employment." Am. Postal Workers Union, S.F. Local v. Postmaster General, 781 F.2d 772, 776 (9th Cir. 1986); see Kelly v. Cnty. of Orange, 101 F. App'x 206, 207 (9th Cir. 2004). Strandquist v. Wash. State Dep't of Soc., No. 3:23-cv-05071-TMC, 2024 U.S. Dist. LEXIS 198383, at *30-31 (W.D. Wash. Oct. 31, 2024). Where an employer determines a particular accommodation request would cause undue hardship, the employer must consider alternative accommodation options. Groff, 600 U.S. at 473. Defendant bears the burden of proof to establish undue hardship at trial, to prevail on this defense at summary judgment [DFI] must show that "no reasonable trier of fact could find against" them. Intelligent Peripheral Devices, Inc. v. SmartPad, Inc., No. C95-4479-FMS, 1998 WL 754606, at *2 (N.D. Cal. Oct. 26, 1998) Strandquist v. Wash. State Dep't of Soc., No. 3:23-cv-05071-TMC, 2024 U.S. Dist. LEXIS 198383, at *32 (W.D. Wash. Oct. 31, 2024*)*.

a. Duden did not cause an increase of risk of spreading COVID-19 .

The State allowed vendors to enter [It's] facilities while unvaccinated, and required visitors to follow safety measures it deemed reasonable. Also, inmates were not required to be vaccinated but also had

to observe safety measures it deemed reasonable. Those individuals posed at least a comparable risk and the DOC presents no evidence why it was able to safely allow strangers to enter [It's] facilities and inmates that are housed in these same facilities to be subject to minimum safety procedures, but not Mr. Duden, who could have followed even more stringent safety measures, but was not allowed to remain employed at the facility.

It is undisputed that there is data to support that even after people were fully vaccinated, they both were diagnosed with COVID-19 and transmitted it to others. See C.H. Hanson et al., *Vaccine effectiveness against SARS-CoV-2 infection with the Omicron or Deltavariants following a two-dose or booster BNT162b2 or mRNA-1273 vaccination series: A Danish cohort study* (Dec. 23, 2021), https://www.medrxiv.org/content/10.1101/2021.12.20.21267966v3.full-text (preprint) (figure and table showing higher rates of infection for vaccinated versus unvaccinated). Yet the State did nothing to address the threat to the health or safety of the vaccinated employees and others in the workplace against the danger of vaccinated people transmitting the virus to others. The risk attendant to breakthrough infections of the vaccinated was known and accepted by the DOC and since there were more vaccinated employees than unvaccinated, the risk that they could

infect others with the COVID-19 virus, was higher than the risk of Mr. Duden infecting others with COVID-19 virus. The only way to address breakthrough infections is to mandate that vaccinated employees get booster shots. However, the State did not mandate booster sshots. Thus, Mr. Duden, who was one individual, did not increase the possibility of others being infected by the COVID-19 virus any more than the vaccinated employees who experienced breakthrough infections did.

  b. <u>Mr. Duden could have worked remotely.</u>

The State argues that Mr. Duden could not have worked remotely because he had to teach his Department of Corrections Aggression Replacement Training (DOCART) classes in person. The State sets forth in their brief that Mr. Duden facilitated classes and supervised a team that presented classes to the inmates. Appellees' brief at 10. The State admits that Mr. Duden was a supervisor, and as a supervisor, he could have simply assigned one of the employees he supervised, to facilitate the classes, a duty all supervisors can exercise over employees they supervisor.

The State also says that the classes could not be done remotely because the inmates could not have unsupervised access to the internet. Appellees' brief at 12. However, it common knowledge that Zoom or virtual applications classes can be facilitated by using a large screen

television with the administrator controlling everything and restricting access of any of the participates in the class. The State already has internet access and this would not have required the State to expend any additional costs. Thus, Mr. Duden could have facilitated his DOCART classes remotely or he could have assigned one of his supervised employees to conduct the classes in person while he observed remotely.

c. All available scientific data did not show that vaccination was was the only method used in managing the spread of COVID-19.

Masking and testing alone were recommended by the EEOC, the CDC and OSHA as reasonable accommodations for non-vaccincated employees. The EEOC issued guidance that included masking and testing as examples of potential reasonable accommodations that employers might offer to an employee who could not be vaccinated due to a disability or sincerely held religious belief. The EEOC issued this guidance in May 28, 2021, three month before the Governor issued the vaccine mandate. The EEOC updated its guidance under, "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws," to provide examples of reasonable accommodations for unvaccinated employees, which included:

> Wearing a face mask, Working at a social distance from coworkers or non-employees.Getting periodic tests for COVID-19…

What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at § K.2. (emphasis added).

In addition, the Occupational Safety and Health Administration (OSHA) issued an Emergency Temporary Standard (ETS) on November 4, 2021, that gave large employers the option to implement a policy where unvaccinated employees were required to wear masks and undergo weekly testing. The Occupational Safety and Health Administration (OSHA) did not just "recommend" masking and testing for unvaccinated employees; it mandated it as a permissible alternative within an Emergency Temporary Standard (ETS) for large employers (100 or more employees). The ETS offered employers a choice: implement a mandatory vaccination policy or adopt a policy that required unvaccinated employees to undergo weekly testing and wear a face covering in the workplace. This clearly shows that accommodations of masking, testing and distancing were clearly available accommodations for Mr. Duden but the State refused to grant Mr. Duden's reasonable accommodation request.

d. The State provided no cost analysis to include in its analysis regarding whether it was an undue hardship to grant Mr. Duden an accommodation.

Groff v. DeJoy, requires [this] Court to evaluate the hardship imposed by a religious accommodation in light of the employer's nature, size, and operating costs. 600 U.S. at 470-71. The

9

State has not shown that a reasonable jury must necessarily find that accommodating Mr. Duden would impose an undue hardship. Varkonyi v. United Launch All., LLC, No. 2:23-cv-00359-SB-MRW, 2024 U.S. Dist. LEXIS 31679 (C.D. Cal. Feb. 21, 2024). The State failed to meet the requirements under Groff. They have provided no cost data to support their position that it would be an undue burden to accommodate Mr. Duden. See ER 54. The State acknowledges in their brief that cost analysis is part of the analysis that must be considered. Appellees' brief at 42. However, they try and down play that point because they acknowledge that no cost analysis was ever done in relation to Mr. Duden's accommodation request. ER-52.

Further, the State did not show why the proposed accommodation posed an undue hardship on there operations other than the conclusory statement that Mr. Duden's vaccination status created an under hardship. Without more than this, the State's motion for summary judgment must be denied.

## CONCLUSION

The State has not shown that masking, testing, and distancing were an undue harship on its operations as required under Groff and also they have not shown how allowing Mr. Duden to facilitate his classes and his staff meetings virtually was an undue burden or hardship on

their organization's operations. Nor have they shown how fully vaccinated employees with "breakthough" virus diagnoses was less of an undue hardship then unvaccinated employees being allowed to continue to work. Therefore, since the State has not shown an undue burden on their operations, their motion for summary judgment must be denied.

Respectfully Submitted this 19th day of November 2025.

/s/Harold H. Franklin, Jr.
WSBA #20486
Attorneys for the Plaintiff
haroldfranklin1@comcast.net

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

9th Cir.Case Number(s)24-3325

The undersigned attorney or self-represented party states the following:

[XX]I am unaware of any related cases currently pending in this court.

[]I am unaware of any related cases currently pending in this court other than the

case(s)identified in the initial brief(s)filed by the other party or parties.

11

[]I am aware of one or more related cases currently pending in this court. The case

number and name of each related case and its relationship to this case are:

Signature  /s/Harold H. Franklin, Jr., Date  November 19, 2025.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Form 8.Certificate of Compliance for Briefs

9th Cir.Case Number(s)23-3325

I am the attorney or self-represented party.

**This brief contains 2230 words,** including 0 words manually counted in any

visual images,and excluding the items exempted by FRAP 32(f).

The brief s type

size and typeface comply with FRAP 32(a)(5)and (6).

I certify that this brief (select only one):

[XX]complies with the word limit of Cir.R.32-1.

[]is a **cross-appeal** brief and complies with the word limit of Cir.R.28.1-1.

[]is an **amicus** brief and complies with the word limit of FRAP

29(a)(5),Cir.R.

29-2(c)(2),or Cir.R.29-2(c)(3).

[]is for a **death penalty** case and complies with the word limit of Cir.R.32-4.

[]complies with the longer length limit permitted by Cir.R.32-2(b)because (select

*only one):*

[]it is a joint brief submitted by separately represented parties.

[]a party or parties are filing a single brief in response to multiple briefs.

[]a party or parties are filing a single brief in response to a longer joint brief.

[]complies with the length limit designated by court order dated _____

[]is accompanied by a motion to file a longer brief pursuant to Cir.R.32-2(a).

Signature /s/Harold H. Franklin, Jr., Date November 19, 2025

CERTIFICATE OF SERVICE

I, Harold H.Franklin, Jr.,a member of the Bar of this Court,hereby certify that, on November 19, 2025, I caused to be electronically filed the foregoing"Appellant's Reply Brief"with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate NextGen CM/ECF system. I certify that all participants in the case are registered NextGen CM/ECF users and that service will be accomplished by the appellate NextGen CM/ECF system.

*/s/Harold H.Franklin,Jr.*
Harold H. Franklin,Jr.